[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's motion for summary judgment (#106) is granted. The defendant argues that the plaintiff did not give the required notice or observe the waiting period required in ¶ 119 of the mortgage. Paragraph 19 requires that prior to acceleration the lender must give the borrower notice which specifies "(a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to the borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of the Property." The defendant claims that the term "default" is ambiguous, however, "[t]he court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity." Levine v. Massey, 232 Conn. 272,279, 654 A.2d 737 (1995). Therefore, the acceleration letter of March 17, 1994 sufficiently apprised the defendant of his default, and the action necessary to cure, and provided a sufficient time in which to cure under the terms of ¶ 19 of the mortgage. Furthermore, the defendant has provided no authority or evidence in support his position. Accordingly, summary judgment is granted.
So Ordered. CT Page 10458
Dated at Stamford, Connecticut this 1st day of September 1995.
WILLIAM BURKE LEWIS, JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 10467